IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN ALLEN SHAWLEY, Plaintiff

vs.

BRIAN COLEMAN, Superintendent; STEVEN GATES, Deputy Superintendent; SHERWOOD HUGHES, Unit Manager; SCOTT BUZAS, Counselor; T. BERRIER, Lieutenant; WILLIAM LEGGETT, Captain; C.O. 1 ALBRIGHT; C.O. 1 COLLINS; JOHN DOES are Corrections Officers 1 at SCI Fayette; JAMES BARNACLE, Office of Professional Responsibility, Defendants

Civil Action No. 09-1657
Judge Nora Barry Fischer/
Chief U.S. Magistrate Judge Amy Reynolds Hay

**REPORT AND RECOMMENDATION**

I. Recommendation

It is respectfully recommended that the plaintiff's application for leave to proceed in forma pauperis (Dkt. [1]) be denied.

II. Report

Steven Allan Shawley ("Plaintiff") is currently incarcerated at SCI-Fayette, which is located within the territorial limits of the United States District Court for the Western District of Pennsylvania. Plaintiff has been assigned Inmate Number HV-0077 by the Pennsylvania Department of Corrections.[1] It appears that Plaintiff has been continuously incarcerated in the

[1] Plaintiff is also known as "Steven Alan Shawley" and/or "Steven Allan Shawley" and/or "John Williams" and/or as "Jonathon Williams." See the Department of Corrections ("DOC")
(continued...)

DOC since the time Plaintiff filed the in forma pauperis ("IFP") application initiating the instant suit.

In his civil rights complaint, Plaintiff sues many Department of Corrections employees/officials, all of whom are located at SCI-Fayette, except for Defendant Barnacle, who is the Director of the Office of Professional Responsibility in Camp Hill, Pennsylvania. The proposed complaint is not a model of clarity. However, it appears that the gravamen of the proposed complaint is Plaintiff's contention that based upon his filing a civil rights action against many of the same defendants[2] in or around July 7, 2009, he has been subjected to retaliatory acts. See Shawley v. Pa. Dept. Of Corrections, No. 09-883 (W.D. Pa.)(available on PACER).

The Court denied Plaintiff's application to proceed in forma pauperis in No. 09-883 because Plaintiff was three struck and none of the allegations of the complaint sufficiently alleged imminent danger of serious physical injury so as to permit him to proceed, even for those who are three struck, pursuant to 28 U.S.C. § 1915(g). Plaintiff filed a notice of appeal from this Court's order in No. 09-883. See Shawley v. Albright, No. 09-4142 (3d Cir.)(available on PACER). Plaintiff filed his notice of appeal on or about November 4, 2009, and subsequently, on January 22, 2010, filed in the Court of Appeals his affidavit in support of motion demonstrating imminent danger. Id. (a true and correct copy of the affidavit is attached hereto as

---

[1](...continued)
website listing Plaintiff's aliases: http://www.cor.state.pa.us/inmatelocatorweb/

[2] In both the case at bar and in No. 09-883, Plaintiff named Brian Coleman, Steven Gates, Sherwood Hughes, T. Berrier, William Leggett, Officer Albright, and James Barnacle. In the case at bar, Plaintiff also named Scott Buzas, a counselor, and John Doe Corrections Officers. In No. 09-883, Plaintiff named many more defendants than those named in the case at bar; a total of 34 defendants were named in No. 09-883.

an appendix)(hereinafter referred to as "the Appellate Affidavit"). In the Appellate Affidavit, Plaintiff made many allegations concerning the actions taken by, or the inactions of, the alleged Defendants/Appellees. Those allegations contained in the Appellate Affidavit are substantially the same allegations made in the complaint at bar as well as Plaintiff's other filings in the case at bar. The Court of Appeals denied Plaintiff leave to proceed IFP in Shawley v. Albright, No. 09-4142 (3d Cir. order entered 3/19/10), finding that the allegations made in Shawley's affidavit did not constitute a "sufficient showing that he is in imminent danger of serious physical injury." Id. In like manner, we conclude that Plaintiff's allegations contained herein, which substantially mirror those made in his Appellate Affidavit, simply do not constitute a "sufficient showing that he is in imminent danger of serious physical injury." Hence, because Plaintiff has acquired at least three strikes, Plaintiff's IFP motion must be denied.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has filed at least 22 cases in the federal District Courts located within Pennsylvania under the names of "Steven Allan Shawley", "Steven Allen Shawley" and/or "Allan Shawley."

and at least 26 actions in the Court of Appeals under the name of "Steven Allan Shawley." As a result of his litigiousness, Plaintiff has accumulated at least "three strikes"[3] within the contemplation of 28 U.S.C. § 1915(g)[4] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[5]

Plaintiff makes many allegations in his complaint concerning a whole laundry list of issues. His complaints range from being placed on grievance restriction, Dkt. [1-2] at 7, ¶ 28, to complaining that guards are cheating the State by sleeping on the job. Dkt. [1-2] at 6, ¶ 20. Obviously, none of those complaints even arguably satisfies the imminent danger of serious physical injury requirement. While those do not, some other complaints may, at first blush, come closer. For example, Plaintiff complains that on "October 4, 2009, Defendent [sic] Collins

---

[3] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[4] For example, as the Third Circuit noted in Shawley v. Pa. Department of Corrections, No. 06-4979 (3d Cir. Filed May 17, 2007): "Appellant 'has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.' 28 U.S.C. Section 1915(g). *See, e.g. Shawley v. Horn*, C.A. No. 97-7344; *Shawley v. Kerstetter*, C.A. No. 97-7078; *Shawley v. Beard*, C.A. No. 97-7607" and denied Plaintiff leave to proceed IFP.

[5] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

escorted me to the shower" cage on JD block and in the other shower cage was another inmate who allegedly called Plaintiff a snitch and allegedly threw urine at Plaintiff and allegedly spit at Plaintiff. Dkt. [1-2] at 6, ¶ 21. However, this same claim or a very similar claim was made before the Third Circuit and found to be wanting. Shawley v. Albright, No. 09-4142 (3d Cir.) (Appellate Affidavit at 2, ¶10 ("While housed in J-Block, I was deliberately assualted [sic] by another inmate from another pod after defendents [sic] placed me next to him in the shower on 9/20/09.").[6] See also Dkt. [15] at 1, ¶ 6 ("since being placed in the cell on J-Block by defendents [sic] I have been assualted [sic] with spit and urine in the shower on 9/13/09 by another inmate."). Similarly, Plaintiff complained that on October 6, 2009, Defendant Collins assaulted Plaintiff as he was escorting Plaintiff to the shower by allegedly "deliberately" catching Plaintiff's skin in handcuffs causing pain to Plaintiff and drawing blood. Dkt. [1-2] at 6, ¶ 22. Again, Plaintiff made the exact same claim in his Appellate Affidavit, which the Third Circuit found insufficient. Shawley v. Albright, No. 09-4142 (3d Cir.) (Appellate Affidavit at 2, ¶ 11 ("On 10/6/09, I was assualted [sic] by correctional staff while being escorted to the shower, suffering injuries to my hand and eye."). Plaintiff also complains about the Defendants labeling

---

[6] We note that there are many discrepancies in dates between incidents that were alleged in the Appellate Affidavit and what Plaintiff alleged in the current filings in the case at bar; these alleged incidents appear to be the same incidents but for the difference in dates. Compare Dkt. [1-2] at 2, ¶ 11 (noting the date of the assault while being escorted to the shower and resulting in injuries to his hand to be October 6, 2009) with Dkt. [3] at 1, ¶ (noting the date to be October 4, 2009) with Shawley v. Albright, No. 09-4142 (3d Cir.)(Appellate Affidavit at 2, ¶ 11(noting the date of the assault to be October 6, 2009) with Dkt. [70] at 1 (Copy of Grievance noting date to be October 6, 2009). Either Plaintiff is mistaken about the dates or is misrepresenting the dates or remarkably similar incidents are occurring to Plaintiff on multiple dates. Whatever the truth, the incidents are close enough in time that the difference in dates makes no difference to the imminence analysis and the incidents either singularly or collectively are simply not sufficient to show a danger of serious physical injury.

him a snitch and how this puts him in jeopardy. Dkt. [1-2] at 7, ¶ 31. These very same allegations were made in Plaintiff's Appellate Affidavit and found to be insufficient by the Court of Appeals. Shawley v. Albright, No. 09-4142 (3d Cir.)(Appellate Affidavit at 3, ¶ 24 ("Defendants and their agents have labeled me a snitch and use inmate block workers to get other inmates to harass, assault and threaten me, creating volatile and intolerable housing conditions . . . .").

Plaintiff also complains that on November 2, 3 and 4, 2009, unknown John Does came to his cell and threatened Plaintiff that if he "did not keep my mouth shut and stop complaining to staff and writing to people about the guards['] criminal misconduct (ripping off hours and money [by sleeping on the job]) they would shut my mouth for me causing me to fear for my safety and severe depression and loss of weight and to fear writing grievances and complaints." Dkt. [1-2] at 8, ¶ 35. Plaintiff made the same allegation in his Appellate Affidavit, which was found to be insufficient by the Court of Appeals. Shawley v. Albright, No. 09-4142 (3d Cir.)(Appellate Affidavit at 2, ¶ 13 ("On 11/2, 4 [and] 9/09, I was threatened by correctional staff with physical harm if I did not keep my mouth shut for filing complaints to defendent [sic] PA. DOC relative to correctional staff ripping off hours and money."). See also id., at 2, ¶ 17 ("On 12/4/09, defendants['] agent Koffler . . . came to my door and threatened me that I don't put him on a complaint or write to defendent [sic] Pa. DOC about him and guards ripping off hours and every guard in this prison is going to make my stay here at SCI-Fayette miserable.").

While Plaintiff did not make the following allegations in the complaint at bar, he attempted to bolster the complaint's claim of imminent danger of serious physical injury by alleging in a declaration in support of his motion for a temporary restraining order some other

allegations.[7] Plaintiff complains in the declaration that from "12/2/09 to present date [i.e. December 20, 2009, the date he signed the declaration] Defendants and their agents have deliberately altered Plaintiff's food rations by giving him food trays with extremely small portions of food, no sugars, (1) piece of bread, no coffee, half a cake to provoke him into acting out so that they can issue misconducts." Dkt. [3] at 1, ¶ 5. However, Plaintiff made a very similar claim in his Appellate Affidavit, which the Court of Appeals found insufficient to show imminent danger of serious physical injury. Shawley v. Albright, No. 09-4142 (3d Cir.)(Appellate Affidavit at 3, ¶ 21 ("Defendants and their agents deliberately punish me by altering my food rations by giving me food trays with small rations of food, no sugars, or coffee packets or bread or half a cake in retaliation."). See also Dkt. [6] at 1, ¶ 7; Dkt. [8] at 2, ¶ 18.[8] Plaintiff also claimed in his declaration that "defendents [sic] Coleman and their agents continuously deny me law library access and yard exercise and showers." Dkt. [3] at 2, ¶ 8. However, the Court of Appeals found Plaintiff's allegation in his Appellate Affidavit that "Defendents [sic] and their agents arbitrarily deny me exercise by refusing to mark me down and denying me boots to wear outside[,]" to be insufficient to qualify for imminent danger of serious physical injury. Shawley v. Albright, No. 09-4142 (3d Cir.)(Appellate Affidavit at 3, ¶ 23). See also Dkt. [6] at 2, ¶ 9.

---

[7] We assume simply for the sake of argument that we can consider these allegations made in the declaration and other filings but not made in the complaint in deciding whether Plaintiff has made a sufficient showing of imminent danger of serious physical injury.

[8] Plaintiff adds to his allegation of lesser food rations, Dkt. [8] at 2, ¶ 18, the claim that the food trays are dirty with food particles left over on them from the prior day and that he was also denied an H1N1 shot. We do not find that these added allegations bring Plaintiff within the imminent danger of serious physical injury.

In yet another declaration Plaintiff filed in the case at bar, Plaintiff alleged that

> on 9/14/09, I was told to get dressed I had to go to medical to review some records, and when I arrived at medical I was placed in a dry cell that had urine and feces in the toilet. . . .
> (10) That after (2) hours, about 11 AM I informed the correctional and medical staff I could not inspect any more documents because the foul odor made me nauseous in my stomach, a headache, loss of appetite and depression.
> (11). That at 6 PM on 9/14/09, defendent [sic] Albright came to medical, ordered me to strip and escorted me back to my cell. I had to stand in a dry cell for (9) hours with urine and feces in the toilet to inspect documents.

Dkt. [15-1] at ¶¶ 9-11. Notwithstanding that Plaintiff made the same claim to the Court of Appeals, the Court of Appeals found such to be insufficient to qualify as imminent danger of serious physical injury. Shawley v. Albright, No. 09-4142 (3d Cir.)(Appellate Affidavit at 1 to 2, ¶ 8 ("On 9/14/09, I was escorted to medical department to inspect and copy discovery documents . . . . wherein I was placed in a dry cell with no water, feces and urine, in toilet for (9) hours, despite numerous requests to be returned to my cell after being denied requests to move to another area.").

In still another declaration, Plaintiff asserted that "Defendents [sic] and their agents continue to give me tooth brushes that last two-to-three brushes, once a month, forcing me to wait a month to get a new toothbrush which has caused me to develop a bad odor in my mouth and cavities because I am forced to brush only once a day and once every three or more days because the tooth brush cuts into my gums from being worn down." Dkt. [6] at 1, ¶ 7. The Court of Appeals rejected this same claim as not bringing Plaintiff within the imminent danger exception. Shawley v. Albright, No. 09-4142 (3d Cir.)(Appellate Affidavit at 3, ¶ 27 ("Defendents [sic] and their agents deliberately give me a tooth brush once a month to brush my teeth that last only 2-to-3 brushes and is no good forcing me to brush once a day and only every

few days causing my teeth to decay and develop a bad mouth odor because I have to wait a month for a new toothbrush."). See also Dkt. [5] at 2, ¶ 7.

Given that none of the allegations made above was found by the Court of Appeals to have brought Plaintiff within the imminent danger of serious physical injury, and given that Plaintiff makes no other allegations in the present filings that would bring him within the exception, Plaintiff's motion for IFP should be denied.[9] In this vein, we observe that Plaintiff filed his

---

[9] There does appear to be one allegation made in the present filings that was not made in the Appellate Affidavit, and indeed could not have been made because the allegation concerns alleged events occurring after Plaintiff filed the Appellate Affidavit. Plaintiff alleges herein that "on 2/16/10, I was placed in the Law Library at 3 P.M. and at 5:30 p.m. I told C.O.s Holt and Costello and Davis, I had to use the bathroom, and they left me in there till 7:45, in excruciating pain and denied my numerous requests causing me to urinate in my pants." Dkt. [8] at 2, ¶ 16. Accepting this allegation as true for present purposes, we do not find that this one incident occurring some two months after Plaintiff signed his complaint, i.e., December 1, 2009, shows that Plaintiff was in imminent danger of serious physical injury as of the time of the signing of the complaint. Requiring a prisoner to wait some 2 hours and 15 minutes before being able to go to the bathroom simply does not place a prisoner in imminent danger of serious physical injury. See, e.g., Taylor v. Blessing, No. 08-610, 2009 WL 425927, at *2 (S.D.Ill. Feb. 20, 2009) ("While § 1915(g) requires the Court to look forward into the immediate future to determine whether Plaintiff is 'under imminent danger of serious physical injury,' it stands to reason that if these allegations do not state an Eighth Amendment claim, then the continuation of these alleged practices into the future does not satisfy the 'imminent danger' exception of § 1915(g) because these alleged acts simply are not severe enough."). We conclude that looking back at this alleged denial of immediate access to a toilet does not state an Eighth amendment claim, and hence cannot constitute imminent risk of serious physical injury. See Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000) (finding no denial of the minimum civilized measure of life's necessities where "Fuentes was not kept in the [restraint] chair any longer than had been authorized, his physical condition was checked every 15 minutes, and he was released every two hours for 10 minutes to allow stretching, exercise, and use of the toilet."); Tate v. Campbell, 85 Fed. Appx. 413, 417 (6th Cir. 2003) (preventing access to toilet for three hours, causing prisoner to experience an uncomfortably full bladder but not soil himself did not constitute an Eighth Amendment violation); Rivers v. Pitcher, 68 F.3d 475 (Table), 1995 WL 603313, at *2 (6th Cir. 1995) ("The record reveals that Rivers was given an opportunity to use the bathroom and allowed fresh water every two hours. The defendants met their initial burden of showing that Rivers received the constitutional minimum to which he was entitled. . . ."); Williams v. Bond, NO. 1:07-CV-321, 2007 WL 1712613, at *2 (W.D.Mich. June 12, 2008) (dismissing complaint for failure to state a claim where "Plaintiff asserts in his complaint that on an unidentified day he requested permission to leave the Day Room to use the toilet and was denied permission. Plaintiff

(continued...)

Appellate Affidavit in the Court of Appeals on January 22, 2010, and the actual notice of appeal on November 4, 2009, whereas he filed his current IFP application in the case at bar on December 16, 2009. If the allegations contained in the Appellate Affidavit concerning events occurring prior to and around November 4, 2009 did not demonstrate an imminent danger of serious physical injury as of November 4, 2009, then surely any such allegations contained in the Appellate Affidavit and those same/similar allegations contained in the filings at bar demonstrate even less imminence as of roughly one month later, on December 16, 2009, when Plaintiff docketed the present complaint and IFP application. Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001)(imminent danger of physical injury must be assessed as of the time of filing the complaint); Choyce v. Dominguez, 160 F.3d 1068, 1070 (5th Cir. 1998) ("the determination as to whether a prisoner is in 'imminent danger' must be made as of the time that he seeks to file IFP his complaint or notice of appeal. ")

If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee of $350.00 and have the complaint filed. Failure to do so should result in the dismissal of the case for Plaintiff's failing to prosecute.

---

[9](...continued)
alleges that, as a result of such denial, he urinated on himself in the Day Room in front of the staff and other prisoners. He does not divulge the length of time involved in this incident. Plaintiff asserts that this single denial of his request to use the toilet was a violation of his rights under the Eighth Amendment."); Robinson v. Lavalais, NO. CIVA 08-395, 2008 WL 4297057 (M.D.La. Sept. 16, 2008)(no constitutional violation where prisoner was not permitted to urinate while being transported and prisoner urinated on himself ); Rogers v. Laird, NO. CIV 907CV668, 2008 WL 619167, at *3 (N.D.N.Y. Feb. 8, 2008) ("The record in this case shows that the trip to the courthouse and back took less than three hours total. Furthermore, shortly after Plaintiff wet himself, arrangements were made for him to go to the bathroom and further relieve himself. Upon returning to Cayuga County Jail, Plaintiff was allowed to bathe and change his clothes. The temporary deprivation of restroom privileges for a three hour period does not constitute an extreme deprivation of life's necessities.")(citations omitted).

Plaintiff's numerous protestations of being rendered unprotected if he is denied IFP status fail to carry the day. It is Plaintiff's own history of frivolous or meritless litigation and his own failure to demonstrate imminent danger of serious physical injury that causes him to not be able to now file any civil complaints as a pauper.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. A copy of the docket entry is provided herewith to Plaintiff. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 8 April, 2010

Enclosure

cc: The Honorable Nora Barry Fischer
United States District Judge

Steven Allan Shawley
HV-0077
SCI Fayette
Box 9999
LaBelle, PA 15450-0999